a

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **VERNON HOLDEN #317763,**<br>Plaintiff | **CIVIL DOCKET NO. 1:22-CV-05849**<br>**SEC P** |
| **VERSUS** | **JUDGE DRELL** |
| **MARCUS MYERS,**<br>Defendants | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Vernon Holden ("Holden"). Holden is incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Holden challenges a conviction and sentence imposed in the Ninth Judicial District Court, Rapides Parish.

Because Holden is not entitled to habeas relief, his § 2254 Petition should be DENIED and DISMISSED WITH PREJUDICE.

## I. Background

According to the Louisiana Third Circuit Court of Appeal:

On January 16, 2019, an Alexandria police officer saw Defendant Vernon Holden riding his bicycle in the wrong direction on a road. The officer, Lory Malone, did not suspect criminal activity, but wanted to talk to Holden to advise him to be more careful. However, when Malone called out to Holden, the latter rode away. At trial, Malone testified that Defendant cursed at him, as well. The officer thought Defendant's behavior was suspicious, so he gave chase. After about three blocks, Defendant dropped the bike and jumped a fence, falling as he did so. The officer also jumped the fence and also fell; as he recovered, he found

1

> Defendant was in a fighting stance. The officer attempted to deploy his taser, but Defendant knocked it away. Malone then deliberately fell on it facedown, so that Defendant would not get control of it. Defendant got on top of the officer, and the pair engaged in a protracted struggle. The taser activated, and while Malone was stunned, Defendant gained control of it. Malone testified that Defendant produced a black pistol and ordered him to surrender his service weapon. Defendant attempted to wrest it from the officer's holster but could not defeat its safety features. Defendant then pushed the black pistol into Malone's neck and threatened him with death if he did not surrender his service weapon. The officer surrendered his weapon, but advised Defendant to leave the area, as other officers were approaching. Defendant fled. Responding officers found the offender under a nearby shed and arrested him. Malone's service weapon and the black pistol were found near Defendant, as well as a "fanny pack" that contained bullets of the same caliber as the black pistol.

*State v. Holden*, 2019-867, p. 2 (La. App. 3 Cir. 7/15/20); 304 So.3d 520, 522, *writ denied*, 2020-01016 (La. 2/9/21); 310 So.3d 174.

The State filed a bill of information charging Holden with one count of armed robbery with a firearm; two counts of disarming a police officer; two counts of possession of a firearm by a convicted felon; and one count of resisting an officer with force or violence. A jury found Holden guilty of the lesser-included offense of attempted first-degree robbery on count one; guilty as charged on counts two through five; and guilty of the lesser-include offense of resisting an officer on count six. *Id.*

Holden presented a motion for acquittal or new trial. The district court denied the motion. The court then sentenced Holden to 20 years at hard labor for attempted first degree robbery; five years on each of the convictions for disarming a police officer; fifteen years on each of the convictions for possession of a firearm by a convicted felon; and six months in parish prison for resisting an officer. *Id.*

On appeal, Holden argued that: (1) the trial court improperly limited his closing argument; (2) he received ineffective assistance counsel for failing to challenge the sentences as excessive; and (3) the trial court improperly sentenced him on the same day it ruled on his motion for acquittal and new trial. The convictions were affirmed but the case was remanded for resentencing. *Id.*

Holden filed an Application for Post-Conviction relief on June 22, 2021, claiming a violation of his rights under the Fourth Amendment and ineffective assistance of counsel based on his attorney's failure to file a motion to suppress. ECF No. 1 at 2. The Louisiana Supreme Court denied writs because Holden did not establish ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984). *See State v. Holden*, 2022-00604 (La. 9/20/22); 346 So.3d 277.

Holden presents the same claims in this Court that were raised on post-conviction review.

## II. Law and Analysis

### A. Rule 4 of the Rules Governing § 2254 Cases

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by a court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases). This is such a pleading.

## B. Standard of Review

Under 28 U.S.C. § 2254(d), a federal court may only grant relief if the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A state court decision is deemed "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Jenkins v. Hall*, 910 F.3d 828, 832 (5th Cir. 2018) (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)).

"It is an unreasonable application of Supreme Court precedent 'if the state court identifies the correct governing legal rule from [the] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.'" *Id.* (quoting *Salts v. Epps*, 676 F.3d 468, 473–74 (5th Cir. 2012)). The "state court's findings of fact are entitled to a presumption of correctness" that may be overcome only by "clear and convincing evidence." *Leal v. Dretke*, 428 F.3d 543, 548 (5th Cir. 2005).

To obtain habeas relief under § 2254, "a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for

4

fairminded disagreement." *White v. Woodall*, 572 U.S. 415, 419–20 (2014) (quotation omitted).

### C. Holden's Fourth Amendment claim is not subject to habeas review.

Fourth Amendment claims are generally not cognizable on federal habeas review. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnote omitted); *see also Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002). This "*Stone* bar" applies even if state court rulings regarding the Fourth Amendment claims were erroneous. *See Darby v. Vannoy*, 19-CV-13900, 2020 WL 5468953, at *15–16 (E.D. La. 2020), *report and recommendation adopted*, 2020 WL 5436571 (E.D. La. 2020), *certificate of appealability denied*, 20-30602, 2021 WL 4509131 (5th Cir. 2021) (citing *Swicegood v. Alabama*, 577 F.2d 1322, 1324 (5th Cir. 1978)).

A "full and fair" hearing under *Stone* requires "thoughtful consideration by the factfinder and at least the availability of meaningful appellate review by a higher state court." *See Darby,* 2020 WL 5468953, at *15–16 (citing *Davis v. Blackburn*, 803 F.2d 807, 808 (5th Cir. 1986); *O'Berry v. Wainwright*, 546 F.2d 1204, 1213 (5th Cir. 1977)). The "opportunity" for full and fair litigation exists if the state provides the petitioner with processes by which he can obtain full and fair consideration, without regard to whether he takes advantage of those processes. *Id.* (citing *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978) ("An 'opportunity for full and fair

litigation' means just that: an opportunity."); *see also Janecka*, 301 F.3d at 320. "[I]t is the existence of state processes allowing an opportunity for full and fair litigation of fourth amendment claims, rather than a defendant's use of those processes, that serves the policies underlying the exclusionary rule and bars federal habeas corpus consideration of claims under *Stone*." *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980).

To obtain federal review, Holden must show that he had no meaningful opportunity for review of his Fourth Amendment claim in the state courts. He has not done so. Holden asserted a Fourth Amendment claim on post-conviction review. The claim was considered and denied by the district court, appellate court, and Louisiana Supreme Court. Holden was simply unsuccessful in obtaining relief. Even if the state court had erred in its disposition of the Fourth Amendment claim, the *Stone* bar still applies because Holden cannot establish that there was no opportunity for adjudication of his Fourth Amendment claim. *See Darby,* 2020 WL 5468953, at *15–16 (citing *Williams*, 609 F.2d at 220); *see also Bailey v. Cain*, 06-CV-839, 2007 WL 1198911, at *13 (E.D. La. 2007) (finding it "beyond cavil that Louisiana courts provide criminal defendants the opportunity to raise Fourth Amendment claims").

    D.    <u>Holden did not receive ineffective assistance of counsel.</u>

Holden claims that his attorney provided ineffective assistance by failing to file a motion to suppress. Claims of ineffective assistance of counsel are considered mixed questions of law and fact, and are analyzed under the "unreasonable application" standard of § 2254(d)(1). *Murphy v. Johnson*, 205 F.3d 809, 813 (5th Cir. 2000); *see*

also *Huricks v. Taylor*, No. 08–51050, 2011 WL 857015, at * 3 (5th Cir. 2011) (citing *Ladd v. Cockrell*, 311 F.3d 349, 357 (5th Cir. 2002)).

In the context of a federal habeas claim under *Strickland v. Washington*, 466 U.S. 668 (1984), the "pivotal question is whether the state court's application of the *Strickland* standard was unreasonable" and not whether the reviewing court itself believes trial counsel's performance violated *Strickland*'s standards. *Harrington v. Richter*, 562 U.S. 86, 101 (2011). In other words, the AEDPA does not permit a de novo review of state trial counsel's conduct under *Strickland*. *Id.* Instead, on federal habeas review of a claim fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* The state court's determination is upheld under this deferential standard "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel where the petitioner must prove deficient performance and prejudice. *Strickland*, 466 U.S. at 687. The petitioner has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Montoya v. Johnson*, 226 F.3d 399, 408 (5th Cir. 2000); *Jernigan v. Collins*, 980 F.2d 292, 296 (1992). In deciding ineffective assistance claims, a court need not address both prongs of the *Strickland* standard but may dispose of such a claim based

7

solely on a petitioner's failure to meet either prong of the test. *Amos v. Scott*, 61 F.3d 333, 348 (1995).

The first prong requires a showing that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. The reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997), *cert. denied*, 522 U.S. 1120 (1998).

The second prong requires a showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. This means the petitioner must show prejudice great enough to create a substantial, not merely conceivable, likelihood of a different result. *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011), *cert. denied*, 565 U.S. 1162 (2012). The petitioner must satisfy both prongs to prevail on his claim. *Williams v. Stephens*, 761 F.3d 561, 566-67 (5th Cir. 2014), *cert. denied*, 575 U.S. 952 (2015).

As the appellate court pointed out, to demonstrate that counsel was ineffective for failing to file a motion to suppress, Holden had to show that there were valid grounds for filing the motion. *See State v. Holden*, No. KH 21-00496 (La. App. 3 3/9/22). The court found that Holden was not "seized" until he engaged in combat with Officer Malone, and that the officers had reasonable suspicion based on Holden fleeing and climbing over a fence into a private backyard. *Id.*

8

The Fourth Amendment protects individuals from unreasonable searches and seizures. *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998); *Tyson v. Sabine*, 42 F.4th 508, 515 (5th Cir. 2022). Under federal law, a person is not considered "seized" until he yields to an officer's efforts to apprehend him. *California v. Hodari D.*, 499 U.S. 621, 626 (1991); *Wilson v. State*, 15-CV-5329, 2016 WL 1039678, at *9 (E.D. La. Feb. 10, 2016), *report and recommendation adopted*, 2016 WL 1039115 (E.D. La. Mar. 14, 2016). Holden did not yield to Officer Malone. Rather, he knocked Officer Malone's taser away; gained control of the taser; pushed a pistol into Officer Malone's neck; obtained Officer Malone's service weapon; and fled. He was finally "seized" by responding officers under a nearby shed. At that point, officers clearly had cause for the seizure.

The Louisiana Constitution affords even greater protection than the federal constitution. *State v. Tucker*, 626 So.2d 707, 712 (La. 1993). Still, the state courts concluded that the seizure was lawful even under its broader standard. *See State v. Holden*, No. KH 21-00496 (La. App. 3 Cir. 3/9/22).

Because there was no unlawful seizure, a motion to suppress would have been meritless. *See Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) (citing *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (counsel is not required to make futile motions or objections); *see also United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000). The Louisiana courts' conclusion that Holden did not establish ineffective assistance of counsel under *Strickland* is therefore not an unreasonable application of federal law.

### III. Conclusion

Because Holden is not entitled to relief, IT IS RECOMMENDED that his Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE. Additionally, Holden's Motion to Appoint Counsel should be DENIED as MOOT.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A

courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Monday, November 28, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE